**Lucille F. STONE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 74–Cr–234.**

United States District Court, E. D. Wisconsin.

April 24, 1978.

Lucille F. Stone, pro se.

Joan F. Kessler, U. S. Atty., by James M. Fergal, Milwaukee, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The petitioner has filed a motion to vacate her federal sentence, pursuant to 28 U.S.C. § 2255. She has also filed a "motion for ex parte, in camera, alternative judgment." I believe that the latter motion should be denied and that the former motion should be denied without prejudice.

The petitioner was convicted of contempt of court in violation of 18 U.S.C. § 401, for refusing to state her name or to be sworn as a witness on December 4, 1974, during the trial of *United States v. Frank W. Scott*, 74–Cr–169. Ms. Stone was sentenced by me to a term of 170 days' confinement, to be served consecutively to the state term she was then serving at the Wisconsin home for women at Taycheedah, Wisconsin.

The petitioner seeks vacation of the sentence imposed for contempt of court on the grounds that: (1) she lacked a "factual understanding" of the relevant proceedings; (2) she was convicted and sentenced without the assistance of counsel, and without an intelligent waiver of counsel, in violation of the sixth amendment to the United States Constitution; (3) the imposition of a consecutive sentence and a resulting federal detainer have placed present restraints on her freedom while serving the state sentence and that the time spent under such restraints should be credited against the 170 day federal sentence; and (4) she lacked the requisite mental capacity to understand the contempt proceedings and to make intelligent decisions in her own behalf.

## I. "FACTUAL UNDERSTANDING" OF PROCEEDINGS

Ms. Stone contends that she intended to exercise a fifth amendment privilege against self-incrimination at the time she was called to the stand during the *Scott* trial and that she thought that such privilege was properly invoked by remaining silent, to the point of refusing to state her name or to be sworn as a witness. Ms. Stone urges that had she understood the proper procedure for invoking her fifth amendment privilege, she would have stated her name and been sworn. Immediately before Ms. Stone was called to the stand, the government's attorney stated that he expected her to "plead the Fifth Amendment" and that he therefore intended to request that she be granted immunity for her testimony.

I believe that Ms. Stone's contention does not warrant vacation of her sentence for contempt of court. The transcript of the trial in *United States v. Frank W. Scott* reflects that I informed Ms. Stone of the consequences of a persistent refusal on her part to state her name or to be sworn as a witness. Specifically, I indicated that in

refusing to state her name or to be sworn, she was committing a criminal contempt in the actual presence of the court, which could provoke summary punishment pursuant to Rule 42, Federal Rules of Criminal Procedure, and 18 U.S.C. § 401. Moreover, I asked the petitioner on two occasions—prior to adjudging her in contempt of court and prior to imposing sentence for that offense—whether she wished to say anything. The petitioner responded "no" to both of these inquiries. I believe that my admonitions to Ms. Stone about the likely consequences of her persistent silence should have led her to indicate any confusion or misapprehension she may have been under when I offered her the opportunity to say anything she wished. However, Ms. Stone indicated that she had nothing to say. I accordingly find her first ground for relief to be without merit.

## II. ASSISTANCE/WAIVER OF COUNSEL

■ The petitioner claims that she was denied an asserted sixth amendment right to the effective assistance of counsel at the proceedings which resulted in her conviction and sentencing for contempt of court and that she made no intelligent waiver of counsel. The record in *United States v. Frank W. Scott* shows that I said to Ms. Stone, "[d]o you wish to have an opportunity to consult with counsel?" and that Ms. Stone responded, "[n]o."

Ms. Stone now urges that she responded in this manner because she thought my question referred to consultation with Mr. Mitchell, the federal prosecutor.

As is demonstrated by the records in this action and in the *Scott* case, the petitioner's refusal to state her name or to be sworn as a witness at Mr. Scott's trial constituted a criminal contempt committed in the actual presence of the court. Her actions constituted "an open, serious threat to [the] orderly procedure" of the ongoing trial, *United States v. Wilson,* 421 U.S. 309, 319, 95 S.Ct. 1802, 1808, 44 L.Ed.2d 186 (1975), and as such were punishable by use of the summary procedures set forth in Rule 42(a),

Federal Rules of Criminal Procedure. Ms. Stone's conduct fell squarely within the "narrowly limited category of contempts," *In re Oliver,* 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948), for which procedural guarantees are not available prior to an adjudication of guilt or innocence and sentencing, because such conduct constitutes a disruption of the orderly administration of justice.

In view of the character of Ms. Stone's offense and of my inquiry to her regarding consultation with counsel, I conclude that her second ground for relief does not merit vacation of the sentence imposed.

## III. OPERATION OF CONSECUTIVE SENTENCE

■ The petitioner claims that the consecutive sentence imposed for contempt of court has resulted in the filing of a federal detainer against her which presently operates to deprive her of opportunities to participate in certain prison programs and to take advantage of relaxed requirements for confinement at the Wisconsin home for women, where she is now serving a 15-year state sentence. She asserts that the 170-day sentence imposed in this court should be reduced by the number of days that she has been subjected to such greater restraints and lost opportunities as are occasioned by the federal detainer.

I am not impressed with the petitioner's argument. It is possible that collateral consequences, including limitations on Ms. Stone's present and future freedoms, may attend her conviction of and sentence for this federal offense. If the petitioner were correct in her contention, potentially every federal detainer filed by merit of the imposition of a federal sentence operating consecutively to a sentence imposed on the federal offender by another sovereign would reduce the time to be served on the federal sentence itself. This would effectively transform many consecutive sentences into concurrent ones, which is clearly an untenable result. The petitioner's federal sentence will therefore not be vacated on this ground.

## IV. MENTAL CAPACITY TO UNDERSTAND PROCEEDINGS

Ms. Stone contends that as a result of a hysterectomy operation which she had undergone on November 11, 1974, and of the effects of the medications darvon and premarin which she was taking after the operation, she lacked the mental capacity to understand the proceedings and to make intelligent decisions in her own behalf on December 4, 1974. Specifically, her affidavit states that, "[t]he psychological changes I was going thru as a result of my body attempting to adjust to the artificial hormone Premarin, the euphoria induced by the Darvon, my weakened physical condition, and the nervous anxiety I was suffering," all contributed to her claimed inability to comprehend and to participate intelligently in the December ·4, 1974, proceedings.

According to the petitioner, the medications darvon and premarin had been administered to her "only a few hours" prior to her appearance in this court in connection with the *Scott* trial. The record in *Scott* reflects that Ms. Stone was called as a witness at 4:45 P.M. on December 4, 1974, and that the proceedings culminating in her conviction and sentencing for contempt of court concluded at 5:05 P.M. that same day.

In *Walden v. United States,* 418 F.Supp. 386, 388 (E.D.Pa.1976), the court applied the standard for competence set forth in *Dusky v. U. S.,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), and ruled that a petitioner seeking to vacate his conviction on the ground that he was under the influence of drugs at the time of his guilty plea has the burden of showing that he lacked a rational and a factual understanding of the proceedings against him. In *Walden* a hearing was held, and in *Dusky* the Supreme Court ordered a hearing held, on the question of the petitioner's capacity to understand the relevant proceedings.

Ms. Stone's affidavit, quoted in part above, detailing her opinion as to her mental state at the time of the contempt proceeding, is the sole document in the present record tending to support her claim of diminished mental capacity. She also submitted an exhibit denominated "record of illness and progress sheet," containing the following notation for December 4, 1974: "[r]eturned from court. Meds taken this AM." At best, this entry suggests that the petitioner had taken undesignated medications sometime before noon on the day of her appearance at the *Scott* trial. It does nothing to substantiate her views, as expressed in her affidavit, as to her impaired mental capacity at the relevant time and date.

In my judgment, the present record does not demand the conducting of an evidentiary hearing on the issue of the petitioner's mental capacity at the time of the December 4, 1974, proceeding. The petitioner has the burden of demonstrating that she lacked a rational and factual understanding of the relevant proceedings, and I do not believe that her assertions in that regard, standing alone as they do on this record, are sufficient to create a factual issue necessitating an evidentiary hearing. Additionally, there was nothing apparent to me in Ms. Stone's demeanor or behavior at the *Scott* trial to suggest a lack of competence on her part.

In view of the absence of evidentiary support on this record for Ms. Stone's claim of mental incapacity, I believe that the motion to vacate her sentence on that ground should be denied without prejudice. My determination not to hold an evidentiary hearing may be reexamined in the event that Ms. Stone resubmits the § 2255 motion accompanied by additional evidentiary materials raising a substantial factual issue as to her mental capacity at the time of the contempt proceeding.

Ms. Stone has also filed a "motion for ex parte, in camera, alternative judgment," which is predicated on the proposition that the court should grant her immediate relief on the § 2255 application, without considering the submissions of opposing counsel. This motion will be denied.

Therefore, IT IS ORDERED that the petitioner's motion to vacate her federal sen-

tence be and hereby is denied, without prejudice.

IT IS ALSO ORDERED that the petitioner's "motion for ex parte, in camera, alternative judgment" be and hereby is denied.